IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRIS BLAKE, | ) | No. C 08-05343 CW (PR) |
| Petitioner, | ) ) | ORDER ALLOWING PETITIONER TO FILE FURTHER OPPOSITION TO |
| v. | ) ) | RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY |
| JAMES A. YATES, | ) | |
| Respondent. | ) | |

## INTRODUCTION

Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss the present petition as untimely under 28 U.S.C. § 2244 (d), the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner filed an opposition, and Respondent filed a reply. For the reasons discussed below, the Court allows Petitioner to file a further opposition to the motion to dismiss.

## PROCEDURAL BACKGROUND

On January 8, 2004, the trial court sentenced Petitioner to twelve years in prison for forcible rape and multiple related felonies. Petitioner did not appeal his conviction, but he sought collateral review beginning on November 10, 2005, when he filed his state superior court habeas petition. Collateral review ended on September 10, 2008, when the California Supreme Court summarily denied his habeas petition.

On November 18, 2008, Petitioner filed the present federal petition.

## DISCUSSION

The AEDPA became law on April 24, 1996 and imposed for the

first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Also, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." Id. § 2244(d)(2).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

The one-year period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation

2

period will begin running against him the day after the date on which the time to seek such review expired. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002); see also Cal. Rule of Court 8.308(a) (providing that appeal from criminal judgment must be filed within sixty days after rendition of judgment or making of order being appealed) (formerly Cal. Rule of Court 31).

In the present case, the statute of limitations started running on March 8, 2004, when his sentence became final sixty days after the date of sentencing. See § 2244(d)(1)(A); Cal. R. Ct. 8.308(a). Thus, Petitioner had until March 8, 2005 to file his federal habeas petition. Because he did not file the present petition until November 18, 2008 -- more than three years and eight months after the limitations period had expired -- the petition is untimely unless he can show that he is entitled to statutory or equitable tolling.

I. STATUTORY TOLLING

Petitioner filed his state superior court habeas petition on November 10, 2005. However, he is not entitled to statutory tolling under § 2244(d)(2) because the limitations period had already run on March 8, 2005. The state petition filed on November 10, 2005 does not revive the limitations period because it had already expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, Petitioner is not entitled to statutory tolling.

II. EQUITABLE TOLLING

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. See Beeler, 128 F.3d at 1288. "When external

3

forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "'extraordinary circumstances' beyond [a] prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted). The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to file a timely federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005), amended, 447 F.3d 1165 (9th Cir. 2006).

The Court must also take care not to deny a motion for equitable tolling before a sufficient record can be developed. In Laws v. Lamarque, the Ninth Circuit reversed the district court's order granting a motion to dismiss because it failed to develop the record in response to Laws's claim of mental incompetency. 351 F.3d 919, 924 (9th Cir. 2003). Thus, under Laws, a district court may not grant a motion to dismiss merely because a petitioner fails to provide evidence beyond conclusory statements to support his claim for equitable tolling. Rather, the court may only dismiss a claim in the presence of a sufficiently developed record containing "countervailing evidence" that rebuts a

petitioner's claim.  Id.

Petitioner asserts that limited access to the prison law library prevented him from filing a timely federal habeas petition.  (Opp'n at 1.)  However, Petitioner's allegations do not show a causal connection between his claim of limited access to the library and his inability to file a timely federal habeas application.  Nor do "ordinary prison limitations on . . . access to the law library and copier" constitute extraordinary circumstances or make it impossible to file on time.  See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009).  Therefore, Petitioner does not show an "extraordinary circumstance" meriting equitable tolling due to an alleged restriction on library access.

Petitioner also claims that he suffered from "mental difficulties."  (Opp'n at 1.)  While the record contains some medical reports from April through May of 2004, these reports alone are insufficient to determine Petitioner's mental competence from the time the limitations period started to run on March 8, 2004 until November 18, 2008, the date the present petition was filed.  On the other hand, Respondent has offered no countervailing evidence that Petitioner was competent in the years when the petition should have been filed.  Because the record is insufficiently developed, further facts are needed.  See Laws, 351 F.3d at 924.

In light of Petitioner's history of mental illness, the Court GRANTS Petitioner leave to file a further opposition if he wishes to make the claim that equitable tolling is warranted because his mental status affected his ability to file a timely federal habeas petition.  If he does so, he must specify what evidence he has to

5

support this claim.  Petitioner must address his mental status from the time the limitations period began to run on March 8, 2004 until the time he filed his federal habeas petition on November 18, 2008.  He should explain how any alleged periods of mental incompetency affected his ability to file a timely federal habeas petition and why he was eventually able to file the present petition on November 18, 2008.  He should include any supporting documents he is able to obtain such as medical records from his prison file.  Respondent may provide countervailing evidence.

CONCLUSION

For the foregoing reasons,

1.  Petitioner may file a further opposition to Respondent's motion to dismiss the petition as untimely no later than March 16, 2010.  Should Petitioner fail to file a further opposition, the Court will grant the motion to dismiss.

2.  If Petitioner chooses to file a further opposition, Respondent may file a reply, no later than March 26, 2010.

3.  Petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

4.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than seven (7) days prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED:  2/12/10

_____
CLAUDIA WILKEN
United States District Judge

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE NORTHERN DISTRICT OF CALIFORNIA |

CHRIS BLAKE,

        Plaintiff,

  v.

JAMES A YATES et al,

        Defendant.

Case Number: CV08-05343 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 12, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Chris E. Blake V20819
Pleasant Valley State Prison
P.O. Box 8504
D 1  11Low
Coalinga, CA 93210

Dated: February 12, 2010

                              Richard W. Wieking, Clerk
                              By: Sheilah Cahill, Deputy Clerk